IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-80,822-01






JOSEPH M. MARRUFO, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2008CR0327 IN THE 290TH DISTRICT COURT


FROM BEXAR COUNTY





 Keller, P.J., filed a dissenting opinion in which Keasler and Hervey,
JJ., joined.


 I agree that retaining both burglary convictions violates double jeopardy. But there was a
plea agreement in this case, so the question arises whether the entire plea should be undone. In Ex
parte Ervin, we vacated one of the convictions on double-jeopardy grounds when there was a plea
agreement, but the State in that case expressed its desire to waive the illegal portion of the plea
agreement and enforce the remainder as modified. (1) We should remand this case to the trial court to
determine what remedy the parties desire and to determine whether either party would be prejudiced
by a decision to vacate one of the convictions rather than undoing the entire plea. Because the Court
simply vacates one of the convictions without obtaining input from the parties, I respectfully dissent.

Filed: April 9, 2014

Do not publish 
1. 991 S.W.2d 804, 817 (Tex. Crim. App. 1999).